UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HENRY TALBERT**                                                           **CIVIL ACTION**

**VERSUS**

**WARDEN JIM BROWN, ET AL.**                                  **NO. 05-1256-C-M2**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 15, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**HENRY TALBERT**                                              **CIVIL ACTION**

**VERSUS**

**WARDEN JIM BROWN, ET AL.**                                   **NO. 05-1256-C-M2**


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on a Complaint seeking injunctive relief and monetary damages pursuant to 42 U.S.C. § 1983, filed by Henry Talbert, an inmate previously confined at the Livingston Parish Jail, Livingston, Louisiana.  Upon reviewing the Complaint, the Court has determined that the plaintiff's action must initially be pursued as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and is otherwise barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

From a review of the plaintiff's Complaint, as amended, together with supplemental pleadings filed by the plaintiff herein, it appears that the plaintiff was arrested on November 29, 2004, in the Parish of Livingston on charges of distribution of narcotics.  He complains that he was thereafter transferred to a facility in Lake Providence, Louisiana, located approximately 270 miles away from Livingston Parish where the criminal charges were pending.  As a result, he had limited access to his attorney, to a telephone, and to family and friends. Ultimately, he was convicted in August, 2005, on the charges levied against him.  The plaintiff prays for monetary damages and equitable relief as a result of the defendants' alleged wrongdoing.

Initially, it appears that the plaintiff may have failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.  However, notwithstanding such failure, this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e).  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  Cf., Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review a Complaint and shall dismiss same, or any portion of same, if the Court determines that the Complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

When a prisoner brings a claim that directly or indirectly challenges the constitutionality of his confinement, the claim must be pursued in a habeas corpus proceeding.  Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).  In the instant case, the plaintiff appears to indirectly challenge the validity of his conviction by asserting that, because of his transfer, he was denied appropriate legal assistance, access to a telephone, access to his attorney, family members and friends, and access to legal materials.  In the Court's view, this claim necessarily, albeit indirectly, calls into question the validity of his confinement.  Specifically, the plaintiff repeatedly asserts in his pleadings that his transfer away from

Livingston Parish "undermined his defense", "diluted efforts to communicate with counsel, courts and other resources relevant to his case and defense", caused him to be "unprepared or handicapped in defense", and caused "irreparable damage to plaintiff's case and defense". In the Court's view, these assertions essentially challenge the validity of the resulting conviction. Therefore, because a successful resolution of the plaintiff's § 1983 claim would potentially result in his release from confinement, he must first pursue his claim in a habeas corpus proceeding. Keenan v. Bennett, 613 F.2d 127, 129-30 (5th Cir. 1980); Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987). For this reason, this aspect of the plaintiff's claim must be dismissed.

Further, to the extent that the plaintiff seeks monetary damages or equitable relief resulting from the defendants' alleged wrongful transfer, this claim must also be dismissed. In this regard, a prisoner's claim for monetary damages or equitable relief attributable to an alleged wrongful confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. As stated in Heck:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, supra (emphasis in original).  In the instant case, a resolution of the plaintiff's claim in his favor, i.e., a determination that he is entitled to relief under § 1983 as a result of deficiencies and deprivations which allegedly occurred during the course of his criminal proceedings, would necessarily imply that his confinement is wrongful.  In the Court's view, therefore, the plaintiff's claims of deprivations occurring during pretrial proceedings and prior to his criminal trial are inextricably combined with the criminal proceedings and ultimate conviction such that a favorable result in connection with the plaintiff's claims would necessarily raise questions regarding the validity of his criminal conviction.  Since the plaintiff has failed to allege that his conviction has been invalidated or called into question in a separate proceeding, therefore, his claim falls squarely within the holding of Heck v. Humphrey.  Accordingly, his cause of action under § 1983 for monetary damages and equitable relief attributable to the alleged unconstitutional confinement has not yet accrued and must be dismissed.  See Mason v. Klevenhagen, 37 F.3d 632 (5th Cir. 1994) ("Mason's claim that Sheriff Klevenhagen hampered Mason's ability to defend the murder charge is precluded at this time because a judgment in Mason's favor on this issue would necessarily implicate the constitutionality of his murder conviction and he has not demonstrated that the conviction has been invalidated."). Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997).

Moreover, in the alternative, to the extent that the plaintiff's claims of deprivations may be separated from the validity of his criminal proceedings, it is the Court's finding that these claims fail to rise to the level of constitutional violations. Initially, to the extent that the plaintiff complains of his transfer to a facility located some distance away from the parish where he was charged, this claim is not one of constitutional dimension. The law is well settled that state prisoners have no justifiable expectation that they will be confined in any particular facility within a state. Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Further, administrative transfers of state prisoners to other prisons, the conditions of which may be substantially less favorable, do not constitute deprivation of Fourteenth Amendment liberty requiring a due process hearing. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). See also Mason v. Klevenhagen, supra (non-punitive transfer of pretrial detainee to more restrictive facility did not implicate due process); United States v. Flores, 2002 WL 31495986 (N.D. Tex., Nov. 5., 2002) ("Movant here provides no evidence to support his claim of an improper motive underlying the decisions of the prosecutor or the trial judge as to ... his place of incarceration."). Accordingly, this claim is properly dismissed as legally frivolous.

Further, to the extent that the plaintiff's allegations may be interpreted as complaining of expenses incurred by himself and by friends and family members simply because of the distance from the parish where his criminal charges were pending, including specifically increased long distance phone charges and travel expenses, this claim is essentially one of a deprivation of personal property. In the first place, the plaintiff is not entitled to assert any claimed losses of friends or family members because he lacks standing to assert the rights of third persons. Coon

v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986).  Further, the plaintiff's claim relative to his own lost property is not properly before the Court.  A deprivation of property does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 383 (1984); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).  The burden is on the complainant to show that the remedy is not adequate.  Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). In the instant case, the plaintiff has not alleged nor is there any evidence that state post-deprivation remedies were unavailable or inadequate.  Moreover, it is clear that Louisiana has ample remedies under which the plaintiff could have proceeded against the defendants for reimbursement for his loss.  Marshall v. Norwood, supra.

Moreover, while the plaintiff complains that his ability to communicate with persons outside the prison, either through direct visitation or through the telephone, was hampered by the distance from his parish of residence, he does not assert that such communication was entirely prohibited or prevented.  Rather, he concedes that he was able to communication through written correspondence, that he was allowed to utilize the telephone (although at an increased rate), and that he was transported back to Livingston Parish on multiple occasions for hearings and for trial.

Finally, the plaintiff makes conclusory assertions of the denial of his right to equal protection and of alleged mental and physical pain and suffering sustained by him as a result of his transfer away from Livingston Parish.  Notwithstanding, these claims are not of constitutional dimension before this Court.  The plaintiff does not

represent himself to be a member of any suspect class and, as such, in the context of an equal protection challenge, the Court need only apply a rational basis test to determine whether transferring the plaintiff in the manner alleged was reasonably related to the achievement of a legitimate penological interest. Turner v. Safely, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Henthorn v. Swinson, 955 F.2d 351 (5th Cir.), cert. denied, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). The plaintiff concedes in the instant case that his transfer was necessitated by overcrowding at the Livingston Parish Jail. The Court finds, therefore, that the decision by prison officials to house the plaintiff and other pretrial detainees at other facilities pending trial was in furtherance of a legitimate penological objective and so is supportable. See Mason v. Klevenhagen, supra.

Further, the plaintiff's claims of physical injury resulting from the referenced transfer are not properly before the Court. Although he asserts that there was a "riot" at the transferee facility, and although he asserts that he was "beaten" by security officers at the transferee facility on March 11, 2005, he has not named as defendants herein any security officials employed at the transferee facility. Accordingly, there are no defendants before this Court who may be found answerable for any injuries incurred. Further, although the plaintiff asserts that he has suffered "severe tension ... head-aches ... [and] constipation" while detained in East Carroll, the Court does not find that this is the type of physical injury cognizable under § 1983. Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, in the absence of any allegation of

actual injury of legal significance, the plaintiff has failed to allege a claim which amounts to a constitutional violation.

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as frivolous, with prejudice to his claims being asserted again until the conditions of Heck v. Humphrey, supra, are met.[1]

Signed in chambers in Baton Rouge, Louisiana, July 15, 2008.

_____
MAGISTRATE JUDGE CHRISTINE NOLAND

---

[1] Note that 28 U.S.C. § 1915A(g) specifically provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."